```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF TENNESSEE
                   NASHVILLE DIVISION
```

FREDDIE L. HILL, JR.           ]
     Plaintiff,                ]
                               ]
v.                             ]        No. 3:10-0911
                               ]        Judge Campbell
DENTIST MR. DAVIS, et al.      ]
     Defendants.               ]


### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Dr. Davis, a dentist at the facility, and Correct Care Solutions, the provider of medical and dental care at the Criminal Justice Center, seeking damages.

On September 2, 2010, Dr. Davis "broke off the top"of the plaintiff's tooth during an extraction. The damaged tooth is still in the plaintiff's mouth "healing but it is very painful." A doctor saw the plaintiff and prescribed pain medication for his discomfort. The plaintiff complains, however, that he has not yet seen the dentist again to have his damaged tooth either repaired or extracted.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right secured by the

Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). Dental treatment has been identified as one type of care that falls within the scope of a prisoner's serious medical needs. Flanory v. Bonn, 604 F.3d 249, 253 (6th Cir.2010). A cognizable claim regarding inadequate dental care is based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth attributable to a lack of dental care, or the inability of the plaintiff to engage in normal daily activities. Chance v. Armstrong, 143 F.3d 698, 703 (2nd Cir.1998).

In this case, the plaintiff claims that his tooth is very painful. However, he admits that he has been prescribed medication for his discomfort. Moreover, the plaintiff has not alleged any long term damage to his teeth. Nor has he alleged that his dental problem has forced him to curtail or modify normal daily activities such as eating. In short, while the plaintiff is clearly upset by the dentist's failure to promptly provide care for the damaged tooth, it does not appear that the plaintiff's dental problem is so serious as to rise to the level of a constitutional deprivation.

In the absence of a constitutional deprivation, the plaintiff is unable to prove every element of a § 1983 cause of action.

Consequently, he has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to *sua sponte* dismiss the instant action. 28 U.S.C. § 1915(e)(2).[1]

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge

---

[1] To the extent that the plaintiff may be alleging that Dr. Davis was in some way negligent, dental malpractice does not become a constitutional tort simply because the plaintiff is a prisoner. *See* Estelle, *supra* at 429 U.S. 105-106.